## BALL *v.* BERWIND.[1]

## LUCKENBACK *v.* SAME.

*(District Court, E. D. New York.* May 27, 1886.)

1. COLLISION—SUNKEN AND ABANDONED WRECK—LIABILITY OF FORMER OWNER.

   The canal-boat Eureka No. 5, owned by defendants, was sunk in New York harbor through no fault of her owners, and was abandoned. Libelants' boats thereafter were damaged by running upon the wreck. *Held,* on suit brought against the former owners of the wreck, that they were not liable, although they had afterwards removed the wreck, on being notified by the pilot commissioners to do so.

2. WATERS AND WATER-COURSES—DUTY OF OWNER TO REMOVE WRECK—LAWS N. Y. 1860, CH. 522.

   Chapter 522 of the Laws of New York of 1860 provides that, after notification from the pilot commissioners to the former owner of a wreck to remove it, if the owner fails to do so, he shall be liable to pay to the county any sum that the pilot commissioners may have expended in their removal of the wreck; but the law does not create a duty on the part of the owner to remove the wreck.

In Admiralty.

*Butler, Stillman & Hubbard,* for libelants.

*Beebe & Wilcox,* for defendants.

BENEDICT, J. These actions are brought to recover from the defendants the damage caused to the vessels of the libelants by running upon the wreck of the canal-boat Eureka No. 5, a vessel which, while owned by the defendants, and through no fault of theirs, had been sunken in the harbor of New York, and thereupon abandoned by them. In view of the adjudged cases, (*King* v. *Watts,* 2 Esp. 675; *White* v. *Crisp,* 10 Exch. 312; *Brown* v. *Mallett,* 5 C. B. 599; *Hancock* v. *York, N. C. & B. R. Co.,* 10 C. B. 348; *Taylor* v. *Atlantic Mut. Ins. Co.,* 37 N. Y. 279; *Winpenny* v. *Philadelphia,* 65 Pa. St. 135; *Philadelphia W. & B. R. Co.* v. *Philadelphia & H. de G. St. Tow-boat Co.,* 23 How. 209,) the only question that seems open for discussion in this case is whether the statute of the state of New York (Laws 1860, *c.* 522) created a duty upon the part of the defendants to remove the sunken canal-boat from the channel, which duty they failed to discharge, and thereby caused the injury of which libelant complains. Upon this question my opinion is with the defendants. The defendants did not obstruct or interrupt the navigation of the port, for the boat was not sunk by any fault or neglect of theirs. When, through no fault of theirs, their boat was sunk, and thereby rendered of no value, they had the right to abandon the possession and control of it. This right they had exercised, and in this way they had terminated their responsibility for the boat before the injury com-

---

[1] Reported by R. D. & Wyllys Benedict, Esqs., of the New York bar.

plained of occurred. It is indeed true that after the injury complained of, and after they had been notified by the board of pilot commissioners to remove the wreck, they did so, at the loss of some hundreds of dollars. But I do not perceive how this action on their part, taken after the injury in question, can affect the question of their responsibility at the time of the injury sued for. If any duty at all on their part arose out of the statute in question, it was only the duty to remove within three days after being notified that the wreck had been adjudged by the pilot commissioners to constitute an obstruction to navigation, and that time had not elapsed when the injury in question occurred. Not every sunken vessel is to be raised, nor does the statute say that the owner of any sunken boat found to be an obstruction to navigation shall remove it. All the statute says is that when, after being notified by the pilot commissioners to remove an obstruction, the owner fails to do so, he shall be liable to pay to the county any sum that the pilot commissioners may have expended in their removal of it.

The libel must be dismissed, and with costs.